UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | Cause No. 1:21-cr-0065-JRS-DML |
| v. | ) | |
| JAYVEON MAJORS, Defendant. | ) | -02 |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and William L. McCoskey, Assistant United States Attorney respectfully submits this sentencing memorandum for the Court's consideration prior to sentencing. The United States will reserve the bulk of its sentencing arguments for allocution but highlights a few points here.

As detailed in affidavit for the criminal complaint (Dkt. 2) and the presentence investigation report (PSR), the defendant assisted his twin brother ("Tayveon") in the theft of 10 firearms from the inventory of 500 Guns- a federally licensed firearms dealer. He also assisted Tayveon in the theft of an eleventh firearm (a 9mm handgun) that was on the premises of the business but that was not in the store's business inventory.

The defendant took part in these thefts by serving in the crucial role of a lookout and getaway driver for Tayveon. It was a crucial role because the car that Tayveon stole and used to smash a hole into the side of the building housing the gun store likely was not in drivable condition after he used it as a battering ram. Without the assistance of the defendant, who waited

nearby with a getaway car, the two could not have gotten away from the scene of their crime in possession of the stolen guns.

The defendant raises several objections to the guideline calculations in the PSR. The Court should reject them and adopt the calculations as found by the United States Probation Officer and contained in the PSR.

First, in no way should the defendant be found to have a minor role in this offense. Under the Guidelines, a minor role may be appropriate for a defendant who is substantially less culpable than the average participant in the offense. Here the defendant effectively partnered with Tayveon. Not only was the defendant's role necessary to completion of the crime, he had eyes wide open as to what his twin brother was doing during the burglary and subsequent theft and played an active role in carrying out the theft. The defendant was not less culpable, much less substantially less so.

The United States anticipates presenting evidence at the sentencing hearing showing security video footage from outside the gun store before, during, and after the theft of the guns. The video will show that the defendant was present in the getaway car and in such a position that he could watch as Tayveon, in the stolen car, undertook several attempts to smash into a barrier outside the store before he successfully smashed through and created an opening in the side of the building.

After Tayveon entered the store, the defendant by his own admission was speaking with his brother by cell phone. Even if the Court accepts the defendant's claim that he had no idea what Tayveon's plan was until just before Tayveon used the stolen car to smash into the store, the only reasonable conclusion is that by the time Tayveon was in the store, the defendant knew what Tayveon was doing in the store. Furthermore, it is reasonable to conclude that the

defendant assisted in the theft because he was on the phone letting Tayveon know whether anyone (police or others) were on the way. In other words, the defendant was by this point playing a crucial and indispensable role in partnering with Tayveon to ensure the successful theft of firearms from the store.

Video evidence will also show that Tayveon eventually came out of the store with a load of firearms and placed them in the getaway car before getting in the car. The defendant pulled the getaway car up next to the stolen car, so that Tayveon could retrieve a lug nut wrench from the car. The two men at first appear to depart the area in the getaway car, but only a short time later, the car returns, and Tayveon reenters the store and returns to the car with a second load of guns. After Tayveon loaded these into the car, the defendant drove them away, along with the stolen guns.

This evidence, too, shows that by this stage at a minimum, the defendant was fully invested in the scheme. There could be no doubt that not only was he the getaway driver, he was the instrument of returning Tayveon to the store for additional guns while the coast was still clear. The defendant did not play a minor role; he played an essential role more in the nature of a partnership and cannot reasonably be found to be substantially less culpable than Tayveon. Instead, the Guidelines as calculated in the PSR appropriately reflect the defendant's true culpability.

The defendant also objects to being found a prohibited person for purposes of the base offense level as calculated in the PSR. The Court should likewise reject that objection. As the Probation Officer responded in great detail, there is a multitude of evidence from which the Court may find that the defendant was "an unlawful user of or addicted to any controlled substance" at the time of the offense. 18 U.S.C. § 922(g)(1). In addition, and consistent with the

information in the PSR about the defendant's marijuana use, the United States also expects to introduce evidence at sentencing that officers found marijuana when executing the search warrant at the residence that the defendant shared with Tayveon.

These facts compel the reasonable conclusion that the defendant was a user of marijuana at the time of his offense within the meaning of the Guidelines. But aside from his status as an unlawful user, the PSR also provides ample information to support the alternative finding that the defendant was addicted to marijuana based on information received by Probation, the defendant's conduct while on pretrial supervision, and the defendant's own admissions in paragraphs 63-65.

Finally, the United States notes that Tayveon's offense level included the finding that he, too, was a prohibited person based on being an unlawful user of controlled substances, and the Court sentenced Tayveon accordingly. The United States respectfully submits that the defendant's status as an unlawful user of drugs is virtually indistinguishable from his twin brother's—at least as far as meeting the definition used by the guidelines. A contrary finding risks an unwarranted sentencing disparity as between the defendant and Tayveon.

And the defendant should receive a sentence on par with the 40-month sentence Tayveon received. While Tayveon arguably engaged in more serious conduct in that he was the one who used a car as a battering ram (thus risking the life and limb of others), the defendant effectively became a party to that conduct when he sat and watched as Tayveon repeatedly smashed the car into building. And when it comes to the charged offense itself, as discussed above, the defendant effectively partnered with Tayveon in carrying out the theft. If not for the defendant's serving as a lookout and getaway driver, the theft could not have been successful as the stolen car suffered approximately $5,000 in damage and was likely undrivable. The location of the gun store is

close to five miles from the residence of the defendant and Tayveon. Those guns would not have gotten to the residence without Jayveon's participation in the scheme.

And while the defendant disclaims any financial benefit (or responsibility) from the sale of the stolen guns, the fact remains that the defendant's conduct was necessary to the scheme to steal the guns. Even if the defendant was not the one brokering the deals or financially benefiting from them, it is an unfortunate reality that only four of the stolen firearms have been recovered since the burglary. The remainder almost certainly are in the hands of persons possessing or using them illegally, undoubtedly contributing to the plague of gun violence here in Indianapolis and elsewhere. That could not have happened but for the defendant's conduct and he should bear the consequences for it.

The United States respectfully asks that for all these reasons, and reasons to be allocuted at sentencing, the Court sentence the defendant to 40 months' imprisonment.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

/s/ William L. McCoskey
William L. McCoskey
Assistant United States Attorney